# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| T-REX PROPERTY AB,<br><br>          Plaintiff,<br><br>    v.<br><br>INTERACTIVATION HEALTH NETWORKS LLC, AND THE WELLNESS NETWORK,<br>          Defendants. | Civil Action No. 1:15-cv-8259<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff T-Rex Property AB, by and through its undersigned counsel, files this Complaint against Defendants Interactivation Health Networks LLC and The Wellness Network as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

## PARTIES

2.    Plaintiff T-Rex Property AB is a company organized and existing under the laws of Sweden with its principal place of business at Vårvägen 6, 18274 Stocksund, Sweden.

3.    On information and belief, Defendant Interactivation Health Networks LLC is a Delaware corporation with a principal place of business located at 250 West 57th Street, Suite 1730, New York, NY 10107.

4.    On information and belief, Defendant The Wellness Network is either an entity or an assumed name with a business address listed as 250 West 57th Street, Suite 1730, New York, NY 10107. True and correct copies of four webpages are attached as Exhibit A to this Complaint

which show that The Wellness Network is either a privately held company, or that it is an assumed name for Interactivation Health Networks.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant Interactivation Health Networks LLC because, on information and belief, Defendant Interactivation Health Networks LLC has systematic and continuous contacts with New York and this judicial district, because Defendant has a principle place of business in this judicial district and has thereby purposefully availed itself of the benefits and protections of the laws of the State of New York, and because Defendant regularly transacts business in the State of New York and this judicial district. In addition, Defendant Interactivation Health Networks LLC is wholly owned by Mag Rack Entertainment, Inc., which also has a principle place of business in this judicial district. In turn, Mag Rack Entertainment, Inc., is owned by Matthew Davidge & Associates Inc., a New York domestic corporation with a principle place of business in this judicial district, and by Joe Covey, an individual whose business address is also in this judicial district. Defendant Interactivation Health Networks LLC has thus established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

7.      This Court has personal jurisdiction over Defendant The Wellness Network because, on information and belief, Defendant has systematic and continuous contacts with New York and this judicial district, because Defendant has a principle place of business in this judicial district and has thereby purposefully availed itself of the benefits and protections of the laws of

the State of New York, and because Defendant regularly transacts business in the State of New York and this judicial district.

8.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

9.      The allegations set forth in the foregoing paragraphs 1 through 8 are hereby re-alleged and incorporated herein by reference.

10.     On January 16, 2007, U.S. Patent Number RE39,470, entitled "Digital Information System," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '470 Patent is attached as Exhibit B to this Complaint.

11.     The innovations described by the '470 Patent "relate[] to a method and apparatus for controlling and coordinating" electronic displays "in a digital information system for displaying information on at least one display device . . . said information being displayed in places that are accessible to and frequented by a general public." ('470 Patent at 1:15-21; 6:25-29.) "An object of the present invention is to provide a flexible system in which external information mediators are able to dynamically control in real time the transmission of display instructions to a larger public in different places" "and to enable similar or specific information to be displayed in places that are mutually far apart." (*Id.* at 2:39-42; 2:52-54.)

12.     A system operating according to an embodiment of the '470 Patent can include a control center with a communication interface that connects devices to create and update a display list in real time using control instruction fields sent from external mediators and to transmit and display the desired images to one or more electronic displays that can be controlled independently of other electronic displays. (*Id.* at 3:4-19; 4:42-45.) In embodiments, the control center can include one or more servers, workstations, and databases stored on one or more physical storage devices, and can include redundancy, of both computer hardware and the

information stored, where the devices can be connected using a network, such as a LAN (Local Area Network) or by using a cable-carried ISDN solution (Integrated Services Digital Network) or other fixed lines that have a similar capacity. (*Id.* at 4:57-5:16; 5:59-67; 6:41-59; 12:55-13:7.)

13.     In one embodiment of the invention, personnel operating a work station can enter information to be displayed from an external mediator via projector control instructions in the exposure list created by the server. (*Id.* at 8:10-26.) Operators are able to interrupt a queue in the server in order to update the exposure list with information generated centrally from the control center or with information from an external information mediator. (*Id.*)

14.     Information mediators can use an exposure program to deliver complete images (*e.g.* an image, a series of images or a video clip) for display which would not require processing by the control center, these can be dynamically added to the exposure list by the exposure handler. (*Id.* at 11:19-28.) External information mediators can thus deliver a complete image for display (an image, a series of images or a video clip) which can be processed automatically and inserted into the exposure list, or an administer can select information from an external mediator and process the information so that it can be inserted into the exposure list via the exposure handler. (*Id.* at 8:27-41.)

15.     T-Rex is the assignee and owner of the right, title and interest in and to the '470 Patent, including the right to assert all causes of action arising under the '470 Patent and the right to any remedies for infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE39,470

16.     The allegations set forth in the foregoing paragraphs 1 through 15 are hereby re-alleged and incorporated herein by reference.

17.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents,

one or more claims of the '470 Patent by making, using, offering for sale, selling, or importing devices or systems, in the United States (directly or through intermediaries), that perform the steps of receiving control instructions from at least one external information mediator, using the control instructions to generate an exposure list that specifies three or more of the following items: i) what information content is to be displayed; ii) at which of a plurality of locations the information content is to be displayed; iii) when the information content is to be displayed for each location at which content is to be displayed; and  iv) how long the information content is to be displayed for each location at which content is to be displayed, displaying images at one or more of the locations in accordance with the exposure list, and permitting the exposure list to be dynamically updated as claimed in at least claims 25 and 26 of the '470 Patent, without the authority of T-Rex.

18.     More specifically, the infringing devices and systems include Defendants' Custom Patient Channel.

19.     Defendants have had knowledge of the '470 Patent since at least the commencement of this action.

20.     Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '470 Patent, including at least claims 25 and 26, by operating the Custom Patient Channel in the United States.

21.     Because of Defendants' infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendants the damages sustained by T-Rex as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     an adjudication that Defendants have infringed the '470 Patent;

B.     an award of damages to be paid by Defendants adequate to compensate T-Rex for Defendants' past infringement of the '470 Patent and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     an injunction ordering Defendants to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered; and,

D.     an award to T-Rex of such further relief at law or in equity as the Court deems just and proper, including, but not limited to costs, fees, expenses, interest, and/or attorneys' fees.

Dated:  October 20, 2015                          Respectfully submitted,

                                                  _____
                                                  Michael Siem
                                                  Bar No. MS-9508
                                                  FARNEY DANIELS P.C.
                                                  98 Rockwell Place, 2nd Floor
                                                  Brooklyn, NY 11217
                                                  Tel: (718) 362-1650
                                                  Fax: (718) 362-1671
                                                  Email: msiem@farneydaniels.com


                                                  *Counsel for Plaintiff*
                                                  *T-Rex Property AB*